The Chief Justice
delivered the opinion of .the court.
This is an appeal from the judgment of the Circuit Court for Leon county, awarding a mandamus to the respondent, commanding him to compute and levy upon the assessed valuation of property in said county for the year 1879 a certain sum for county school purposes, according to an itemized statement of the amount necessary to be raised for such purposes, delievered to respondent by the Board of Public Instruction of Gadsden county, which the respondent had refused to do.
Appellant contends that the writ was improperly issued, because he -is not authorized by law to levy the county school tax upon receiving the statement of the Board of Public Instruction of the amount necessary to be raised or upon their requisition, but only upon the requisition of the Board of County Commissioners.
Relators insist that the County Commissioners have no power to determine the amount of county school tax to be raised, but that upon the determination of the Board of Instruction of the amount necessary to be raised, and dhe delivery of an official copy of an itemized statement thereof *110 to the Assessor, it is his duty to compute and enter the tax upon the assessment roll for collection without the order of the County Commissioners.
The Constitution, Art. XII., sec. 6, requires that "the Legislature shall authorize the several counties and incorporated towns in the v State to impose taxes for county and corporation purposes, and for no other purpose.”
Article VIII., sec. 2, declares that "it is the paramount duty of the State to make ample provision for the education of all the children residing in its borders.” Sec. 3; "The Legislature shall provide a uniform system of common schools, and a university, and shall provide for the liberal maintenance of them.” Sec. 8: "Bach county shall be required to raise annually by tax, for the support of common schools therin, a sum not less than one-half of the amount apportioned to each county for that year from the income of the common school fund:”
The Legislature, in obedience to the requirements of the Constitution, has established a system of common schools, and has provided a Board of Public Instruction for each county, and has declared that each board is a body corporate, and has invested it with power to organize common schools, to hold and protect school property, to contract for and cause the erection of school houses, to employ teachers, and to determine the amount of money necessary to be raised by tax upon the property in the county, annually, for the support and maintenance of such schools.
A brief glance at the enactments on the subject will show the intention of the Legislature in respect to the question raised here.
The act of January, 1869, chapter 1686, see. 19, par 15, required the Poard of Public Instruction to make out and lay before the County Commissioners an itemized estimate of expenditures to be incurred for educational purposes during the ensuing year, and the Commissioners were required to cause such amounts to be collected, not exceeding one per cent, of the assessed valuation of taxable property.
The act of June, 1869, ch. 1713, provided, sec. 38, that the County Commissioners should ascertain and determine the amount of money to be raised for county purposes, which should not be more than fifty per cent, of the amount raised for State purposes. Sec. 30 provided that upon ascertaining the amounts to be raised for county, school, and State purposes, the Clerk should calculate and carry out the several amounts upon the assessment roll, and deliver the same with his warrant for collection. By section 42, Comptroller’s warrants were made ^receivable for State taxes, county orders for county taxes, and school orders for school taxes. These were the first provisions made by law for these purposes. It will be observed that though the maintenance of schools by counties is a "county purpose” in a special sense, the law makes a distinction between county taxes raised for the ordinary purposes of paying the expenses of maintaining county government and county school taxes raised for supporting schools. They are deemed distinct funds for distinct objects. The next law was the act of January 27, 1871, chap. 1858. The fourth section provides that the Board of Public Instruction in each county shall, on or before the last Monday in May, prepare an itemized statement showing the amount of money required for the maintenance of the necessary common schools of the county for the ensuing year, aDd deliver an official copy of the same to the Clerk by the first Monday in June, which amount shall be not less than half the amount received from the State, nor more than one-half of one per cent, of the assessed valuation, and the Cleric shall compute, and the Collector collect the same. This, it will be seen, changed the law requiring the action of the County Commissioners in levying school taxes, and imposed the duty upon the Cleric.
The act of February 16, 1872, ch. 1882, sec. 1, par. 11, defining the duties of County Commissioners, requires them to apportion and order the levy of all county taxes in accordance with the law, either for specific or general purposes. This undoubtedly required that they should order the levy of school taxes.
The act of February 16, 1874, ch. 2030, sec. 1, p. 101, amending the above-mentioned sec. 4, act of 1871, re-enacts the provisions of said section 4 in all respects, except that it changes the time of preparing and delivering the itemized statement of school moneys required, and provides that the statement shall be delivered to the Assessor instead of the Clerk, and the Assessor is required to compute, and the Collector thereupon to collect the school tax.
The act of March 7, 1879, ch. 3099, sec. 37, again provides that orders upon the county treasury shall be receivable for "county taxes proper,” and orders issued by the County Board of Public Instruction shall be received for "county school taxes,” thus appropriately preserving the distinction between county taxes for general purposes and county school taxes.
The last act is that of March 8, 1879, chap. 3100, sec. 1. It provides that for the years 1879 and 1880, the " Board of County Commissioners, at the meeting for equalizing the county assessment, shall immediately thereafter ascertain and determine the amount of money to be raised by tax for county purposes, which shall not be more than two mills on the real and personal property of the county; * * * counties may also levy a tax of not more than two and a half mills on the dollar for county school purposes” "Every such determination and levy so made shall be entered at large in the records of the Board of County Commissioners.”
The foregoing are all the enactments we have found, or to which we have been referred by counsel, affecting the question.
The Board of Public Instruction of the county, as the law now stands, is invested with the entire care, management, and control of common schools-and common school property; they are authorized and required to contract for the erection of school houses, and to contract with teachers employed in the shools. They are the only body or board in whom is vested these duties, and who can lawfully know and determine the amounts necessary to be raised by annual tax for the support of schools in the county.
The County Commissioners have charge of other affairs pertaining to the county government and county expenses.
There is no constitutional objection-to the investment by the Legislature of these two branches of county affairs in these two boards.
The act of March 8, 1879, ch. 3100, gives to the County Commissioners the power to "ascertain and determine” the amount to be raised for "county purposes,” and to levy a tax for "county school purposes” not more than two and a half mills on the dollar, while the law of 1874, ch. 2030, gives to the County Board of Public Instruction the power to ascertain and determine the amount necessary for school purposes, which shall not exceed one-half of one per cent.
The County Commissioners have no power to determine the amount of money necessary to be raised for county school taxes, but only for ordinary county purposes other than-school taxes.
The act of 1879, ch. 3100, does not repeal, but qualifies the act of 1874, ch. 2030, in this, that school taxes for the years 1879 and 1880 must be levied by the order of the Board of County Commissioners at the amount ascertained by the Board of Instruction to be necessary for school purposes, not exceeding two and a half mills on the dollar. If the itemized statement given by the Board of Instruction to the assessor or -to. the board cantains items of expenses for school purposes only, and the amount does not exceed *111 the above limit of two and a half mils, the County Commissioners have no discretion, but must direct the amount to be collected for school purposes.
The act of 1874 authorized the assessor to compute the school tax from the statement, duly certified, of the school board. The act of 1879 requires the authorization by the County Commissioners to levy the school tax. The evident purpose of referring it to the County Commissioners was that the latter might know and enter of record the entire amount of taxes to be collected; that they might know that the itemized statement of the school board contained no items for other than school purposes, and that the amount did not exceed the lawful limit.
The result is that the respondent in this writ of mandamus cannot be required to enter the school tax for collection without the order of the County Commissioners, and the writ should go against them instead of the respondent, if the School Board have complied with the law in the matter and the commissioners have failed to levy the school tax as ascertained by the School Board.
The language of the act of 1879, ch. 3100, sec. 1, is that the Board of Commissioners, “may levy a tax of not more than two and a half mills on the dollar for school purposes.”
According to the established rules for construing statutes this direction is mandatory. When a statute says a thing may be done, which is for the public benefit by public officers, it shall be construed that it must be done, (Dwarris on Statutes, 220 and notes.) Our Constitution is imperative in its direction that the common schools shall be maintained. The Legislature has provided the necessary machinery for carrying out this direction. If it be claimed that the commissioners may levy a tax or may omit to do it, in their discretion this claim cannot be allowed, because it would defeat the whole object of the Constitution and the statute to give the commissioners the option to determine whether they would or would not maintain the public schools. The only discretion they have is to determine whether the money is required by the School Board for school purposes, and whether the sum required is within the limitation as to the rate of two and a half mills.
The judgment of the Circuit Court awarding the peremptory mandamus is reversed, with costs to be paid by re-lators.