THE STATE OF FLORIDA, on the relation of MILLARD B. GIBSON, ALLAN B. CLEARE, and CLARENCE H. PIERCE, who constitute the Board of Public Instruction of Monroe County, Florida, *Plaintiffs in Error,* vs. CARL BERVALDI, WILLIAM R. PORTER, BRAXTON B. WARREN, NORBERG THOMPSON, and ROY S. FULFORD, constituting the Board of County Commissioners of Monroe County, Florida, individually and as the Board of County Commissioners of Monroe County, Florida, and EUGENE L. ALBURY, assessor of taxes of Monroe County, Florida, *Defendants in Error.*

138 So. 380.

En Banc.

Opinion filed December 18, 1931.

*Wm. V. Albury*, of Key West, for Plaintiffs in Error; *Wm. H. Malone*, of Key West, for Defendants in Error.

PER CURIAM.—In this case the County Commissioners of Monroe County contended that the estimate submitted to them by the Board of Public Instruction of that County of the amount necessary for the maintenance of the required common schools for the next ensuing scholastic year, was improvident and extravagant; that some of the estimates were too high and that the total millage of ten mills determined to be levied by the school board might with safety be scaled down, and that the schools could operate for a considerably less amount, without impairing their efficiency. The result was that they reduced the school millage from ten to five mills and refused to levy any more taxes for general school purposes in Monroe County, than five mills.

To meet this situation, the School Board sought mandamus against the County Commissioners in the Circuit Court, to compel the levy of the ten mills requested by the School Board. The Circuit Judge awarded a peremptory writ and the judgment has been appealed to this Court.

Defendant in error has made a motion to dismiss the writ of error as frivolous, on the ground that a short and cursory inspection of the transcript will show that the judgment of the Circuit Court should be affirmed on the

authority of State ex rel. Board of Public Instruction v. County Commrs. Gadsden County, 17 Fla. 418; Jones, Clerk, v. Board of Public Instruction, 17 Fla. 411; and particularly the case of Tomassello v. Board of Public Instruction, Santa Rosa County, 55 Fla. 341, 45 Sou. Rep. 886.

In view of the fact that briefs have been filed by plaintiffs in error raising a substantial question as to whether the doctrine in the Tomassello case applies to this one, because of alleged differences in the 1931 tax levy act, we are convinced that the writ of error is not frivolous, nor does it appear to have been taken for delay only, therefore, the motion to dismiss the writ of error on that ground is denied.

Although this Court, upon a motion to dismiss an appeal upon the ground that it is frivolous, will make only a superficial examination of the record for the purpose of ascertaining whether any question is presented which may be considered fairly debatable, yet when such examination reveals no substantial error in the judgment and the court is satisfied of its correctness, and a pressing public question affecting vital public interests is involved, and the court can perceive no reason for deferring the consideration of the cause on appeal until taken upon the docket in its regular order, and the cause has been orally argued or briefed by the parties on the merits, this court will, by affirmance of the judgment in such case, finally dispose of the appeal See Roberts Bros. v. Langford, 99 Fla. 1268, 128 Sou. Rep. 810.

As was stated in the Tomassello case, *supra,* the existing statutes then in force did not authorize the County Commissioners to revise the decision of the Board of Public Instruction as to the millage required for the maintenance of the necessary common schools of the county, when the millage fixed by the School Board is within the constitutional limits and the estimate includes no illegal items.

If it was the intention of the Legislature in 1931, to completely revolutionize the system of levying taxes for school purposes heretofore prevailing in this State as upheld and decided by this Court in the Tomassello case, its purpose and intent to that effect should have been clearly and definitely expressed in some specific act enacted for that purpose.

In the Tomassello opinion, this Court referred to such a change as being an "innovation" when it was adopted in 1891 but promptly repealed at the next session of the Legislature. Since the repeal of the Act of 1891, the law has stood ever since to the effect that the County Commissioners have no power to review and revise the amount of the school tax levy determined upon by the County Board of Public Instruction.

It was also pointed out in the Tomassello opinion that "the power to *levy* the school tax within the constitutional limits" which is given by the tax levy Act to the County Commissioners, is not a power to raise or lower the millage fixed by the School Board under other statutory authority.

The purpose of giving to the County Commissioners the sole power to actually make the *levy* of taxes in a county, is that the Board of County Commissioners, as the General managers of county affairs, may know and enter of record the entire amount of all taxes which are to be levied and collected in that county. By this means, they may govern themselves accordingly, with reference to other county expenses which are within their own powers to eliminate or reduce and thereby reduce the total of county levies, in the aggregate.

Another purpose is that the County Commissioners may know that the levies certified to them contain no items which would be illegal, and that the amount certified to be levied, does not exceed statutory or constitutional limits.

If indebtedness has been legally incurred by a School Board which it would be lawful to pay out of a current

levy of school taxes, the School Board has the right to take such amounts of indebtedness in account in making up its budget and to include items of that account in the total amount to be raised for the scholastic year. State ex rel. Board of Public Instruction v. County Commissioners, 17 Fla. 418.

If the School Board, after lawfully including such items, attempts (as appears to have been all too frequently the case) to divert the money for other purposes, leaving the debts unpaid and the item for indebtedness to be again levied and collected the following year, the proper remedy for an abuse of that kind is to enjoin the School Board from the illegal diversion or disbursement, and not to attack the provision for raising revenue by attempting to reduce the levy on the theory that the indebtedness for which the levy is to be made ought to have been paid in the past, but was not paid through fault of the School Board, and therefore for that reason ought not to be taken into consideration in the current levy.

It was not shown that the County Commissioners had any power to reduce the levy as was attempted by them, therefore, the judgment awarding a peremptory writ of mandamus is affirmed on the authority of Tomassello v. Board of Public Instruction, 55 Fla. 341, 45 Sou. Rep. 886, the effect of which the Court holds was not changed by Chapter 15786, Acts of 1931, which is the general tax levy act, that act amounting to no more than *authority* to make the levy for the School Board, with no right to raise or reduce it merely because of the *authority given* to make it.

Judgment affirmed.

BUFORD, C.J., AND WHITFIELD,    , TERRELL, BROWN AND DAVIS, J.J., concur.