STATE BANK OF BOWLING GREEN *v.* BOARD OF PUBLIC INSTRUCTION FOR HARDEE COUNTY.

156 So. 319.

Opinion Filed August 10, 1934.

*W. W. Whitehurst* and *Treadwell & Treadwell,* for Plaintoff in Error;

*W. D. Bell,* for Defendant in Error.

DAVIS, C. J.—The Board of Public Instruction of Hardee County sued the State Bank of Bowling Green in an action at law for $10,000.00 damages for the alleged misapplication of funds deposited with it as a designated county school fund depository. From a judgment in plaintiff's favor defendant bank took writ of error.

The controversy arose out of the following state of facts disclosed by the record.

The State Bank of Bowling Green was designated as the official depository of funds of the Board of Public Instruction of Hardee County; in due course of business it received as such depository certain school moneys claimed by the school board to have been raised by taxation for the support and maintenance of Hardee County's public free schools, as well as the schools of certain special tax school districts thereof; included in the funds the bank received were moneys alleged to have been collected in payment of interest and sinking fund taxes levied for bonds issued by

special tax school districts in the county; all such funds were officially deposited to the general account of Hardee County School Board, subject to disbursement on orders or warrants of the Board of Public Instruction; in September 7, 1932, the Board of Public Instruction issued a number of warrants drawn upon its depository, payable to the several separate funds out of which the aggregate fund is alleged to have been made up; the bank refused to pay such warrants, setting up as its justification for its refusal so to do, that the funds on general deposit in the bank had become exhausted by the charging to the account of the school board five general funding warrants that had been issued and negotiated in 1921 by the Board of Public Instruction of Hardee County, aggregating something over $5,000.00; these warrants had matured in October, 1931, and were owned by the bank; included in the body of each of said warrants was a specific direction, the tenor of which is as follows:

"* * * And the said County School Fund Depository of Hardee County, Florida, is hereby authorized, ordered and directed to pay to the order of the bearer of this warrant the said sum of one thousand ($1,000.00) on the first day of October, 1931, * * * upon presentation and surrender of the annexed coupons as they severally mature."

The warrants in controversy had been issued and negotiated on October 1, 1921, by and in the name of the then constituted Board of Public Instruction of Hardee County, Florida, pursuant to the authority so to do given by Chapter 8448, Acts of 1921 (Sections 569 to 576 C. G. L.), and Chapter 8513, Acts of 1921, construed in the light of Section 3 of Article VIII of the State Constitution requiring provision to be made for the payment of pre-existing debts where there had been a county division. Such warrants were expressly validated in 1933 by Chapter 16449, Special Laws.

By virtue of the order and direction contained in each of said warrants, as above set forth, the bank charged said warrants to the general account on deposit to the credit of the Board of Public Instruction of Hardee County. But said Board refused to recognize the charge as being legal or authorized, and promptly instituted suit against the bank, as its depository, for the recovery of the sum charged by the bank to the school board's account, as evidenced by the five warrants which had been so handled.

A demurrer to the plaintiff's amended declaration having been overruled by the Court, a plea was then filed by the defendant bank setting up the substance of its alleged justification for refusing to pay plaintiff's claim, as hereinbefore recited. This plea was in due course eliminated on demurrer. After this, the defendant bank having refused to plead further to the plaintiff's amended declaration, judgment was entered for the full amount sued for. So the controversy comes before this Court mainly on the propositions of law raised by the bank's rejected plea of confession and avoidance of plaintiff's asserted demand.

The substance of the defense presented by the defendant's plea is that the funding warrants, alleged to have been charged by the bank against the school board's general account in the depository bank, having been issued in 1921 by the Board of Public Instruction of Hardee County according to law, pursuant to Chapter 8513, Acts of 1921, creating the County of Hardee from a part of the County of DeSoto, that Section 9 of said Act created an inescapable duty on the part of the Board of Public Instruction of Hardee County, to make provision pursuant to Section 3 of Article VIII of the Constitution, for the assumption and payment by Hardee County, as the newly created county, of its part of the pre-existing school indebtedness of DeSoto

County; that the five warrants had, pursuant to statutory authority, been issued and sold by the Board of Public Instruction of Hardee County to raise money to pay DeSoto County its proportionate part of the debt due to her paid by Hardee County at the time Hardee County was created; that at a *bona fide* sale, the defendant bank had become the purchaser of same; that the funds against which the warrants had been charged by the bank were an unexpended and an unappropriated surplus applicable to general school purposes payable by Hardee County and that the specific order and direction contained in the warrants themselves justified the bank, as holder of the same at maturity, in charging the same to the general account of the Board of Public Instruction of Hardee County on deposit with the defendant State Bank of Bowling Green that it was not true than any of the funds against which the warrants had been charged, were funds raised for other than general school purposes of Hardee County; that the same were in excess of the requirements for the maintenance of the public free schools of said county during the school year ending June 30, 1932, and were therefore an unappropriated and unexpended fund in the hands of the bank, as depository, subject to the order of disbursement contained in the warrants which had been charged, against and paid out of same, that the deposit at the time of the charge against same was carried as "County School Fund Account"; that by reason of the facts aforesaid no duty had been breached by the bank nor wrong suffered by the plaintiff school board.

The warrants issued and sold by the Board of Public Instruction of Hardee County pursuant to the authority contained in Chapters 8513 and 8548, Acts of 1921, were issued to discharge a legal duty imposed by statute upon the school authorities of Hardee County as authorized by Sec-

tion 3 of Article VIII of the Constitution of Florida, which provides that every newly established county shall be held liable for its proportion of the then existing liabilities of the county or counties from which it is formed. So the warrants issued in 1921 were valid obligations of the Board of Public Instruction of Hardee County in the hands of a *bona fide* purchaser thereof for value, as shown by the pleadings. Canova v. State, 18 Fla. 512; Richmond Trust Co. v. Charlotte County, Fla., 12 Fed. (2nd) 62. The consideration for said warrants was the payment of Hardee County's proportionate part of the school debt of DeSoto County as represented by the territory of DeSoto County allocated to Hardee County when the counties were divided pursuant to Chapter 8513, Acts of 1921, and were therefore for the support and maintenance of the public free schools of Hardee County within the purview of the constitution.

There is no warrant for the notion that outstanding unpaid obligations of a Board of Public Instruction of a county, lawful and valid when issued, and put afloat under authority of law for the purpose of support and maintenance of the public free schools of this state at the time of their origin, are any less continuing obligations required to be paid out of available school revenues, merely because the consideration for such obligations has been received and employed in the support and maintenance of the schools in previous school years, and is not to be made available for current or future expenditure for the support and maintenance of the schools. This Court has definitely held to the contrary in recently decided cases. Board of Public Instruction of Okaloosa County v. Kennedy, 109 Fla. 153, 147 Sou. Rep. 250; State *ex rel*. Board of Public Instruction of Monroe County, v. Bervaldi, 103 Fla. 902, 138 Sou. Rep. 380. A county school board to be held liable to the same degree

of integrity and liability as an individual in its lawful acts as a corporate body. Board of Public Instruction of La-fayette County v. First National Bank of Gainesville, 111 Fla. 4, 143 Sou. Rep 738; (on rehearing) 111 Fla. 21, 149 Sou. Rep. 213. The test of legality is whether or not a school obligation at the time it was incurred or issued was incurred or issued pursuant to lawful authority and within legal limitations, not whether its payment will tend to diminish current school revenues that might otherwise be left available for the current support and maintenance of schools, if the obligation were ignored.

An indebtedness once lawfully incurred for the support and maintenance of the public free schools, as authorized by law, and within the limitations of the constitution, if not paid when due, continues as a charge payable at a later date out of the revenues derived from the authorized tax levy required to be made for school purposes. State ex rel. Board of Public Instruction of Monroe County, v. Bervaldi, 103 Fla. 902, 138 Sou. Rep. 380; State ex rel. Board of Public Instruction of Gadsden County v. County Commissioners, 17 Fla. 418.

In the present case the rejected plea of the defendant bank presented the square cut issue whether or not the funds on hand in the county school depository, against which the warrants were charged by the bank pursuant to the direction therein contained, were general county school funds unappropriated for other school purposes for the fiscal year, or were special funds that had been wrongfully commingled in the depository as an apparent general fund which could not properly be carried in that form.

If, as a matter of law and fact, the funds in the depository were as averred in defendant's plea, simply a surplus unappropriated and unexpended balance of the gen-

eral county school fund of Hardee County on hand in the bank as a school depository, and were not a commingled fund made up out of divers special funds mentioned in plaintiff's amended declaration, then defendant bank committed no legal wrong against plaintiff Board of Public Instruction when it charged against such general fund the five warrants that contained on their face a specific written authorization so to do. The demurrer, which was sustained to defendant's plea, admitted its allegations to be true for the purpose of a ruling on the demurrer. Therefore, the demurrer to the plea was erroneously sustained, because the facts affirmatively averred in the plea being deemed admitted to be true and the traverse of allegations of the declaration continued in the plea being deemed denials of the traversed facts, a good defense to plaintiff's cause of action laid in the declaration was sufficiently made to appear to require a replication or joinder of issue on such plea.

The judgment is reversed with directions to overrule plaintiff's demurrer to defendant's plea and have further proceedings according to law.

WHITFIELD, BROWN and BUFORD, J. J., concur.