BOARD OF PUBLIC INSTRUCTION OF PINELLAS COUNTY, *et al.*, v. STATE, *ex rel.* M. S. BEERS.

172 So. 922.
Opinion Filed March 1, 1937.

*Archie Clements,* for Plaintiffs in Error;
*Wylie & Warren,* for Defendant in Error.

DAVIS, J.—Chapter 8166, Special Acts 1919, authorized the Board of Public Instruction for Pinellas County to borrow money and issue interest-bearing time warrants in a total amount not exceeding $35,000.00, for the purpose of paying its then outstanding indebtedness, theretofore evidenced by warrants or other obligations issued by it.

M. S. Beers, as the *bona fide* holder for value of $3,000.00 of time warrants that had been issued under said Act, obtained this judgment in mandamus against the plaintiffs in error requiring them to allocate and set apart in the common school fund budget, and provide for paying to relator, her proportionate share of all moneys coming into the respondents' hands, upon the presentation of said warrants which were long past due. Upon writ of error to such judgment, the contention of plaintiffs in error is that the warrants were and are unconstitutional and void, and that in consequence thereof, no action, by mandamus or otherwise, lies to enforce their payment out of the general county school fund, and that the Circuit Court erred in holding to the contrary in its final judgment awarding the relator a peremptory writ of mandamus of the tenor appealed from.

A valid debt of the County Board of Public Instruction payable out of the general county school fund, valid when created within the amount of anticipatable school revenues for the school year in which the debt was created, does not become invalid solely by reason of its having been author-

izedly refunded under authority of an Act of the Legislature so providing, in this case, Chapter 8166, Special Acts of 1919, *supra*.

There is nowhere in the record any showing or claim that the time warrants sued on by relator below, upon which the judgment in this proceeding was predicated, had been issued to refund illegal expenditures, or to take the place of other time warrants that were themselves illegal and not capable of being made a lawful charge against the county school fund. Nor does it appear that said warrants were, or are, in whole or in part, in excess of statutory or constitutional limitations controlling the subject matter thereof. On the contrary, such warrants appear to have been regularly issued within the terms of Chapter 8166, Acts 1919, *supra,* and to have been so issued for the purpose of refunding and extending a pre-existing valid school indebtedness that had been theretofore lawfully contracted, but which remained unpaid, in consequence of which it had to be refunded.

The warrants sued on are in a sum certain, and if valid, it is the duty of the plaintiffs in error to provide for paying them, a duty that is enforceable by mandamus, although an ordinary action at law would be also maintainable thereon. State, *ex rel.* Morris, v. Clark, 116 Minn. 500, 134 N. W. Rep. 129, 39 L. R. A. (N. S.) 43.

That the warrants are valid is confirmed by a consideration of the following cases heretofore decided by this Court: State Bank of Bowling Green v. Board of Public Instruction, 116 Fla. 184, 156 Sou. Rep. 319; Savage v. Board Public Instruction, 101 Fla. 1362, 133 Sou. Rep. 341; State, *ex rel.* Gibson, v. Bervaldi, 103 Fla. 902, 138 Sou. Rep. 380. The nature of the warrants sued on, and the circumstances of their issue take this case out of the

rule of Barrow v. Moffett, 95 Fla. 111, 116 Sou. Rep. 71, and Board of Public Instruction v. Union School Furnishing Co., 100 Fla. 326, 129 Sou. Rep. 824.

Affirmed.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.