BOARD OF PUBLIC INSTRUCTION OF MANATEE COUNTY, FLA., v. LEXINGTON CO. OF AMERICA.

No. 8222.

Circuit Court of Appeals, Fifth Circuit.

July 22, 1937.

Jno. B. Singeltary and Hubert Blakey, both of Bradenton, Fla., for appellant.

R. E. Kurtz, of Fort Myers, Fla., for appellee.

Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

Appellee filed this suit to recover on certain warrants issued by appellant, hereafter referred to as the Board. A general demurrer was overruled and defendant was granted time to plead further, which was not done. In due course final judgment was entered on the pleadings. Error is assigned to the overruling of the demurrer and the entering of judgment.

The declaration alleges, in substance, that under a resolution of the Board, 80 warrants, designated as "County of Manatee School Refunding Warrants of Manatee County, Florida," dated September 1, 1919, payable to bearer, each in the sum of $1,000, maturing January 1, 1930, with interest at 6 per cent., payable semiannually, were issued and sold; that each of the warrants recites, "and the County Board of Public Instruction of said County is hereby held and firmly bound, and its faith, credit, revenue and property is hereby obligated for the payment of the principal and interest hereof at maturity"; that each of said warrants further recites, "and it is hereby certified, recited and declared that the debt refunded by the issuance of said warrants is an existing, valid and binding obligation of the County Board of Public Instruction of said County; That all acts, conditions and things required to be done precedent to and in the issuance of this warrant, have been done, have happened, and have been performed, in regular and due form, as required by law, and that said warrants and the debt evidenced thereby do not exceed any statutory or constitutional limitation"; that the warrants were signed by the proper officers, naming them, and bore the seal of the Board; that the Board was authorized to issue the warrants under the law of Florida, and that all conditions required by law to be performed antecedent to or concurrently with the issuing of the warrants had been complied with; that plaintiff is the owner and holder of 22 of said warrants, upon which interest had been paid up to July 1, 1930, but which are due and unpaid.

The demurrer amounts to no more than an exception of vagueness. The declaration sufficiently states a good cause of action. The demurrer was properly overruled.

84

The case was submitted on briefs without oral argument. The brief of appellant attempts to set up the defense that the School Board was without authority of law to issue the warrants. The Board was bound by the recitals of the warrants above quoted and bona fide purchasers were entitled to rely thereon. Presidio County v. Noel-Young Bond & Stock Co., 212 U.S. 58, 29 S. Ct. 237, 53 L.Ed. 402. Furthermore, we entertain no doubt that the warrants were validly issued and were enforceable obligations of the Board. State v. Board of Public Instruction for Dade County (Fla.) 170 So. 602; State Bank of Bowling Green v. Board of Public Instruction, 116 Fla. 184, 156 So. 319; Board of Public Instruction v. Kennedy, 109 Fla. 153, 147 So. 250; Board of Public Instruction v. Gillespie (C.C.A.) 81 F.(2d) 586.

The record presents no reversible error.

Affirmed.