On writ of error to judgment of Circuit Court awarding peremptory writ of mandamus to require levy of taxes to procure funds with which to pay off and discharge a judgment, the plaintiffs in error contend first that the County Superintendent of Public Instruction, the State Superintendent of Public Instruction and the State Board of Education are necessary parties to the suit.
This question was not raised or presented in the lower court and is without merit.
Plaintiffs in error present a second question, as follows:
"Should Circuit Judge issue peremptory writ of mandamus requiring School Board and County Officers to levy, assess, collect and pay to relator on account of its judgment against School Board Two and one-half (2 1/2) Mills of Constitutional Ten (10) Mills Maintenance Tax for 1937-1938, and Five (5) Mills for the next ensuing Five Years without taking testimony on and notwithstanding the answer of the School Board showing that its Budget for 1937-1938 was already prepared and to change it would disrupt school operations for the ensuing year?"
So far as the record shows the judgment awarding peremptory writ of mandamus is based on a valid and binding judgment entered by a court of competent jurisdiction against the Board of Public Instruction of Sumter County in a cause wherein such judgment could legally be obtained. See Board of Public Instruction v. Knight Wall Co., 100 Fla. 1649, 132 So. 644.
The allegations of the alternative writ show:
"That being the owner and holder of certain past due bonds and coupons of the Board of Public Instruction of Sumter County, Florida, of the issue described as follows: 'The Board of Public Instruction for the County of Sumter Tax Anticipation Note' Issue dated August 1. 1930, and said bonds being general obligations of the Board of Public Instruction *Page 872 
of Sumter County, Florida, your relator did on or about the 28th day of January, A.D. 1937, institute a suit on the Common Law side of the Circuit Court of the Fifth Judicial Circuit of Florida, in and for Sumter County, upon said past due bonds or Tax Anticipation Notes, said suit being entitled Elizabeth Morrison, an unmarried woman, v. The Board of Public Instruction for the County of Sumter, State of Florida, and being Case No. 1221, Civil of said Court; that on or about the 5th day of August, A.D. 1937, Relator herein, as Plaintiff in the aforementioned Common Law action did recover Final Judgment against the Defendant, The Board of Public Instruction for the County of Sumter, State of Florida, in the sum of $62,432.00, together with all costs, which said Judgment was entered and recorded in the records of the Circuit Court of the Fifth Judicial Circuit of Florida, in and for Sumter County, Florida, and a copy of said Final Judgment is attached hereto and by reference made a part hereof as if herein set forth in extenso,
and marked Exhibit 'A."'
The judgment should be affirmed on authority of the opinion and judgments in the cases of State Bank of Bowling Green v. Board of Public Instruction, 116 Fla. 184, 156 So. 319; Bervaldi v. State, 103 Fla. 902, 138 So. 380; Board of Public Instruction of Polk County, 118 Fla. 720. Without prejudice to the Circuit Court in the controlling its process to adjudicate a further spread of the levy on a showing made.
It is so ordered.
Affirmed.
ELLIS, C. J., and TERRELL and BUFORD, J. J., concur.
WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment. *Page 873 
 ON PETITION FOR REHEARING