## T. E. TAYLOR AND W. O. BIRCHFIELD v. THE BOARD OF PUBLIC INSTRUCTION OF LAFAYETTE COUNTY, FLORIDA.

| | |
|---|---|
| 26 So. (2nd) 180 | January Term, 1946 |
| May 21, 1946 | Division A |

*David Lanier,* for appellants.
*Davis, Davis & McClure* and *Chas. E. Davis,* for appellee.

TERRELL, J.:

Appellee borrowed $6,000 to purchase a teacher's home at Mayo and at Day, Florida, evidencing such loan by its promissory note. The teacher's home at Mayo was purchased at a cost of $3,000 and paid for from the loan. Appellants then filed their bill of complaint seeking to restrain appellee (1) from paying the note executed for the loan, (2) from paying attorney's fees to represent it in this litigation, and (3) from erecting or purchasing a teacher's home at Day. This appeal is from a final decree dismissing the bill of complaint.

The question presented is whether or not the Board of Public Instruction of Lafayette County is authorized to borrow money for the purchase or construction of teachers' homes and to repay such loan from the public school funds of the county.

Appellants contend that this question should be answered in the negative and rely on Board of Public Instruction of Pinellas County v. Knight and Wall Company, 100 Fla. 1649, 132 So. 644, and similar cases construing constitutional and statutory provisions relating to the use of public school funds to support their contention.

We do not think the cases relied on are pertinent, though it may be admitted that there was a period in which ample proof could have been mustered to support appellants' contention. The 1926 amendment to Section 9, Article XII, of the Constitution, authorizing the Legislature to appropriate from the general revenue for the support of public free schools, and the adoption of the Florida School Code, Chapter 19355, Acts of 1939, enlarged materially the scope of public school programs, public school plants, and public school activities.

It is still the law that public school funds be safeguarded and kept inviolate for the purpose designed; at the same time, "athletic fields," "gymnasiums," "bus sheds," "teachers' homes," and many other adjuncts have been declared by the Legislature to be necessary to an adequate public school plant (Section 227.13, Florida Statutes 1941) and highly essential to the conduct of the county school system. Section 9 of Article XII and chapter 19355 completely revised and remade the public school picture, and we find no constitutional inhibition to them. Expenditures for them are safeguarded, in that they must be approved by the State Board of Education.

An adequate public school program not only contemplates such physical facilities as are enumerated in the preceding paragraph, but also contemplates physical and mental examinations of all children attending the public schools under such regulations as may be prescribed by the State Board of Education and the State Board of Health. County Boards of Health and County Boards of Public Instruction are required to cooperate in providing clinics to effectuate these requirements.

An adequate public school program now contemplates the development of skills that flow from the head, the hand, the heart. It must offer training in the laws of health, sanitation, dietetics, and recreation, in addition to subjects that are cultural. Expenditures for facilities that aid these purposes may be lawfully made from the public school funds. In declaring for such a program, the Legislature has, in unmistakable terms, relegated to the discard some traditional educational concepts, hagridden by provincial philosophies,

that time and experience have outmoded, some of which stubbornly resist any appropriation of tax funds for public school purposes.

We are, therefore, convinced that the loan was authorized, that it was made as required by law, and that it may be expended in the manner proposed by appellee and repaid from the public school funds of the county. In view of this conclusion, it becomes unnecessary to discuss other points urged.

Affirmed.

CHAPMAN, C. J., BUFORD and ADAMS, JJ., concur.