MATHEWS, Justice.
This is ah'appeal from an order of the Circuit Court of Brevard County validating 'a bond issue of $620,000 to be issued by the Central Brevard High School Special Tax School District.
There is no question about the regularity of the proceedings. The District was organized and the proceedings had pursuant to Chapter 26775, Laws of Florida, Acts of 1951, F.S.A. § 230.23(13) (e),. which was specifically authorized by section 17 of article 12 of the Constitution of the State.
The record shows that there was a suit by one Victor C. Smith' against the appel-lee here seeking" a declaratory judgment as to the validity of Chapter 26775, supra. The same questions presented on this appeal' were presented in that suit. The 'Circuit Judge in the prior suit entered a final decree in which he held- that Chapter 26775, supra, was valid and did not violate the Constitution of.the State in the particulars again raised in the validation proceeding. There- was no appeal from the final decree in the former suit seeking a declaratory judgment.
‘Ón this appeal it is urged by the appellant that this proceeding and the issuance of the bonds is in violation of section 10 of Article 12 of the Constitution because said section puts a definite limit of.not exceeding 10 mills on the dollar in any one year on the taxable property of the County “for the exclusive use of public free schools within the district” and that such limitation applies to section 17 of Article 12 of the Constitution. There is no merit in this contention. Section 10 of Article 12 was an amendment .to the Constitution . adopted in • the General Election in 1922. Section 17 of Article 12 is an amendment to the Constitution adopted at the, General Election in 1924. As shown by the record, all of the County- of Br.evard constitutes a , school district under section 10 and taxes may be levied and collected for the school district for the exclusive use of public free schools within the district". Section 17 of Article 12 covers a different subject and contains different limitations. Section 17 specifically authorizes the Legslature to provide for “special tax school districts to issue bonds for the exclusive use of public free schools within any such special tax school district”. It further provides for an election and that qualified freeholders shall first vote in favor of the issuance of the bonds and that .no bonds shall exceed “together with the existing indebtedness of such special tax school district 20 per cent of the assessed value of the taxable property of such ■ district”. Bonds issued under this section shall become due and payable within 30 years in annual installments. There are other provisions and limitations not necessary to discuss here. Said section 17 of Article 12 also provides that whenever any such district has voted in favor of bonds “a special tax for the payment of the interest on said bonds and the principal thereof as the same shall become due and payable, shall be levied on the taxable property within the district”. This section of the Constitution simply provides a -method by which buildings and sites may be acquired by the district by the issuance of bonds when approved in the manner and method required. When so approved for a building, then the money derived from the sale of the bonds could not be diverted to any other purpose except that for which the bonds were Voted.
The limitation of 10'mills subject to the approval of the 'voters provided for in section 10 of Article 12 is not a limitation upon section 17 of Article. 12. Section 10 limits the tax to 10 mills for the exclusive use of the public free schools within the district. Section 17 confers power and authority upon the Legislature in addition to that conferred by Section 10 and has reference to the issuance of bonds. With reference to section 10, no more than 10 mills of taxes can be levied. With reference to section 17, bonds may be issued not to exceed 20 per cent of the assessed value of the taxable property of the district and when such an issue is approved by the freeholders as provided for therein, the duty to levy and assess taxes annually for the purpose of paying the interest and principal of the bonds is without limit except *661 as therein stated and is mandatory. This •question has been settled in the cases of Hamrick v. Special Tax School Dist. No. 1 of Jefferson County, 130 Fla. 453, 178 So. 406, and Board of Public Instruction for Pinellas County v. Knight & Wall Co., 100 Fla. 1649, 132, So. 644.
It is next urged by' the appellants that $620,000 bonds of the High School Special Tax School District and $280,000 of the Elementary Special Tax School District covering the same, territory .will exceed the 20 per cent limitation provided for in section 17 of Article' 12 of the Constitution. This presented a question of fact. It was disposed of by the Chancellor in the following language:
“That the assessed valuation of taxable property, excluding homesteads, according to the last assessment for state and county purposes is $19,425,-847 in said County of 'Brevard, Florida, and is $7,273,577 in Central Brev-ard High School Special Tax School District; that the proposed issue of bonds together with thé issue of bonds proposed to be issued by Central Bre-várd Elementary Special Tax School District ‘ concurrently with the''bonds sought to be validated in-this proceeding and together with all other indebtedness for school purposes of any other special tax school districts in said County, will not exceed twénty per cent of the assessed valuation of the taxable propérty in said County.”
The finding of the Chancellor on this question is conclusive..
It is next urged that by reason of the construction of the buildings from the proceeds of the bond issue in order properly to maintain the facilities of the district will require the imposition-of additional tax on the taxable property in each respective district, which when added to the levy .already imposed;.in Special Tax. School District No. 1, will exceed the 10 mill limit imposed by section 10 of Article 12. This contention requires us to draw on our imagination and speculate as to what public officials may attempt to do in the future. The millage to be levied by District No. 1 for the exclusive use of the public free schools within the district is 10 mills' subject to the approval of’ the qualified electors. District No. 1 as such cannot exceed the 10 mill limitation as provided for in section 10 of Article 12. Section 17 of Article 12 does not authorize the levy of any tax except for the purpose of. paying the principal and interest of bonds and the districts in. question, under section 17 of Article 12, have no such authority to levy taxes for any other purpose Such as District 1 has to levy'a tax not exceeding 10 mills. It is presumed that public officials' will obey the law alid the Constitution and should they attempt to levy a tax exceeding ‘the limitations imposed by the. Constitution, the Courts are open.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.