J. C. BARROW, *Appellant,* v. C. H. MOFFETT, B. F. WILLIAMS AND T. V. CONWAY, CONSTITUTING THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF HIGHLANDS, AND STATE OF FLORIDA, *Appellees.*

Division B.

Opinion Filed February 1, 1928.

*Playford A. Naylor,* for Appellant;

*Andrews & Rasco,* for Appellee.

PER CURIAM.—This appeal is from a decree validating bonds to be issued by the Board of Public Instruction of Highlands County under Chapter 12844, Acts of 1927, to raise funds to pay the outstanding floating indebtedness incurred in the support or maintenance of the public free schools in the county, such bonds to be paid from "a part of the tax provided for by 'Section twelve (12)' of the Constitution of the State of Florida."

"Section 8. Each county shall be required to assess and collect annually for the support of the public free schools therein, a tax of not less than three (3) mills, or more than ten (10) mills on the dollar on all taxable property in the same." Sec. 8, Art. XII, Constitution, as amended.

"Section 9. The county school fund shall consist, in addition to the tax provided for in Section Eight of this Arti-

cle, of the proportion of the interest of the State school fund and of the one mill State tax apportioned to the county; the net proceeds of all fines collected under the penal laws of the State within the county; all capitation taxes collected within the county; and shall be disbursed by the county board of public instruction solely for the maintenance and support of public free schools." Sec. 9, Art. XII, Constitution, as amended; also see amendment of 1925, p. 543, General Laws, 1925.

Even if the quoted statutory provision can be held to have reference to Section 8, of Article XII of the Constitution as amended in 1918, the statute cannot be sustained since Sections 8 and 9 of Article XII expressly and specifically provide that the funds collected as taxes under Section 8 shall be used "for the support of the public free schools" in the county (Sec. 8) and "solely for the maintenance and support of public free schools" (Sec. 9).

In Warren v. Board of Public Instruction for Hillsborough County, 86 Fla. 254, 97 South. Rep. 384, Chapter 9664, Acts of 1923, was sustained; but that statute authorized the issue of interest bearing time warrants payable out of the county school fund of the county, to raise funds to enlarge the county high school building for current and future use, which was held to be permissible as "maintenance and support of public free schools" in the county.

The Act here considered purports to authorize bonds to be issued to pay "an outstanding indebtedness incurred in the support or maintenance of the public free schools of said county, evidenced by warrant, notes, open accounts, or otherwise incurred for services and/or labor performed, materials and/or supplies furnished and for money loaned to and received by the Board of Public Instruction," the bonds to be paid from "a part of the tax provided for by Section twelve (12) of the Constitution." The Constitu-

tion contemplates the payment when due of expenses for maintenance and support of schools, and does not contemplate the issue of bonds to pay for past indebtedness. In the Warren case the statute authorized interest bearing time warrants to raise money for present and future needs in "the maintenance and support" of free schools in the county, not the payment of outstanding indebtedness. See Johnson v. Board, 81 Fla. 503, 88 So. 308.

Reversed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.