THE STATE OF FLORIDA, *Appellant,* v. THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF INDIAN RIVER, STATE OF FLORIDA, etc., *Appellee.*

Division B.

Opinion filed December 28, 1929.

Petition for rehearing denied January 20, 1930.

*Angus Sumner,* for Appellant;

*Vocelle & Mitchell,* and *Smith & Kanner,* for Appellee.

WHITFIELD, P. J.—This appeal is from a decree validating interest bearing time warrants to be issued by the County Board of Public Instruction for Indian River County, under Chapter 14550, Acts of 1929, extra session. The Act is entitled:

"AN ACT to Authorize the Board of Public Instruction for Any County in the State of Florida, Which Said County Has an Assessed Valuation on the Real and Personal Property, Situate Therein, of Not Less than Four Million, Five Hundred and Thirty-eight Thousand, Seven Hundred and Ten Dollars ($4,538,-710.00) and Not More Than Four Million, Five Hundred and Thirty-eight Thousand, Seven Hundred and Twelve Dollars ($4,538,712.00), as Shown by the Assessment Roll of Said County Prepared by the County Tax Assessor Thereof for the Year 1928 and Approved by the Board of County Commissioners of Said County, to Procure a Loan or Loans of Not Exceeding Two Hundred Thousand ($200,000.00) Dollars and Pay Interest Thereon at a Rate Not Exceeding Eight Per Cent Per Annum, for the Purpose of Paying Salaries to Teachers Employed by Said Board in the Public Free Schools of Said County, for the Purpose of Paying Salaries of Any Other Employees of Said Board, for the Purpose of Maintaining, Repairing, Furnishing and/or Equipping Any of the Public School Buildings in Said County and/or for the Purpose of Paying Any and All Legitimate Expenses Incurred in Operating the Public Free Schools of Said County; to Authorize Said Board, in Order to Procure Said Loan, to Issue and Sell Not Exceeding Two Hundred Thousand ($200,000.00) Dollars in Principal Amount of Interest

Bearing Time Warrants; to Make Provision for a Sinking Fund for the Retirement of Said Warrants and the Interest to Become Due Thereon; to Regulate the Expenditures of the Sum Derived from the Sale of Said Warrants; to Authorize Said Board to Prescribe the Form, Date of Maturity, Denomination and Time and Place of Payment of Said Time Warrants."

If such enactment is not inoperative because it is in legal effect a local law enacted in violation of Section 21, Article III, Constitution, as amended in 1928 (see page 1597, Gen. Laws of 1927), the enactment does violate Section 9, Article XII, Constitution, as amended in 1926, in that it purports to authorize the county board of public instruction to issue interest bearing time warrants which would in effect be the equivalent of bonds, made payable from the county school funds of the county, on which to borrow money "for the support and maintenance of public free schools" in the county. Section 9, Article XII, Constitution, as amended in 1926, specifies the sources from which the county school fund shall be derived. The Constitution contemplates an annual budget of county school expenditures and does not contemplate that interest bearing time warrants or bonds shall be issued and sold to raise county school funds "for the support and maintenance of public free schools." The phrase "with all other school funds" contained in said Section 9 as amended does not refer to the proceeds of interest bearing time warrants or bonds to be issued and sold by the county board of public instruction and made payable from the county school funds that are provided for by the Constitution. The county school funds can be used "solely for the support and maintenance of public free schools," and the Constitution does not provide for or permit the county school fund to be used for the payment of

bonds issued for county school current expenses. Leonard v. Franklin, 84 Fla. 402, 93 So. R. 688; Barrows v. Moffett, 95 Fla. 111, 116 So. R. 71.

Reversed.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.