THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF LAFAYETTE, STATE OF FLORIDA, et al., *Appellants,* v. UNION SCHOOL FURNISHING COMPANY, *Appellee.*

Division B.

Opinion filed July 28, 1930.

Petition for rehearing denied September 3, 1930

*McCollum & Howell*, for Appellants;

*Davis & Pepper*, for Appellee.

ON REHEARING

BUFORD, J.—A bill of complaint was filed by the appelle to reform as to execution certain notes which had been executed as is alleged for an indebtedness of the board by the members of the Board of Public Instruction of Lafayette County and to enforce the payment of such notes. The first note dated June 4, 1917, was for $750.00 and payable July 10th, 1921. The signature was as follows:

|  | (SEAL) | A. D. Townsend | Board of Public |
| "J. Homer Kelly, |  | N. S. Barber | Instruction of |
| Co. Supt. & Secty. |  | T. S. Walker | Lafayette Co., |
|  |  |  | Florida." |

It was alleged that certain payments were made on this note.

The next note was dated December 31st, 1920, and was for the sum of $700.00, payable one year after date. This note was executed as follows:

| "(SEAL) | A. D. Townsend, | Board of Public |
|  | Chairman, | Instruction of La- |
|  | J. Homer Kelly, | fayette (SEAL) |
|  | Co. Supt. & Secty. | Co., Florida." |

This note had attached thereto two interest coupons, one payable June 30, 1921, and one December 31, 1921.

The next note was dated December 31st, 1920, was for $650.35, was payable two years after date with interest at 8% per annum payable semi-annually and had attached thereto 4 interest coupon notes for the sum of $26.00 each, payable at the semi-annual periods. It was executed as follows:

"A. D. Townsend, Chairman, J. Homer Kelly, Co. Supt & Secty.  Board of Public (SEAL) Instruction of Lafayette County, Florida."

The next note was dated August 11th, 1920, was for the sum of $1,193.50, payable one year after date with 8% interest payable semi-annually and had attached thereto two coupon interest notes for $47.74 each, payable at semi-annual periods. It was executed as follows:

"Approved: J. Homer Kelly, A. D. Townsend, Chm. County Supt. J. Homer Kelly, Sec'y. Lafayette Co., Fla.  By order of the Board (SEAL) of Public Instruction of Lafayette County, Florida."

The next note was dated August 11, 1920, was for $1,200.00, payable two years after date, with interest coupon notes for $48.00 each, payable at semi-annual periods. It was executed as follows:

"Approved, J. Homer Kelly, A. D. Townsend, Chm. County Supt. J. Homer Kelly, Sec'y. Lafayette Co. Fla.  By order of the Board (SEAL) of Public Instruction of Lafayette County, Florida."

There was another like note for like amount with like coupons executed in like manner payable three years after date, and another note of the same date, August 11, 1920, of like tenor and effect, payable four years after date; and another note of the same date and of like tenor and effect, payable five years after date.

The bill prayed that the execution of the notes be reformed so that the execution of each would appear as follows:

> "THE BOARD OF PUBLIC INSTRUCTION FOR
> THE COUNTY OF LAFAYETTE, STATE OF
> FLORIDA. (SEAL)

ATTEST:
  J. Homer Kelly,
  County Superintendent    By A. D. Townsend,
  and Secretary."               Chairman."

A demurrer was filed to the bill of complaint which was overruled. Then answer was filed and after the taking of testimony decree was entered in favor of the complainant. From the decree appeal was taken and the overruling of the demurrer is assigned as one of the errors.

It appears that reformation in the instant case was sought so as to bring the notes within the purview of Chapter 8549, Acts of 1921, Section 577 Comp. Gen. Laws, 1927, and it further appears that if these notes had been obligations which the Board of Public Instruction of Lafayette County was authorized to incur under the Constitution, then the reformation of the execution might have been sought in a court of chancery for the purpose of bringing the obligations clearly within the purview of the statute above referred to.

It is too elementary, however, to require any citation of authority that the legislature could not by its attempted enactment make valid and binding an obligation of the

County Board of Public Instruction which it could not by its enactment authorize such Board of Public Instruction to incur and execute. The notes here under consideration are for all intents and purposes bonds.

In Advisory Opinion to the Governor dated November 23, 1927, 94 Fla. 967, 114 So. R. 850, the court had under consideration a ninety day note made by the State Road Department to the Capital City Bank of Tallahassee for the sum of $20,000.00 with interest at the rate of 5% per annum from date until paid. The court, in effect, held that this note was not a valid obligation because it was an attempted obligation on the part of a State agency in violation of Sec. 6 of Article IX of the Constitution and, in this connection, the court say:

"The construction and maintenance of State Roads are now among the current expenses of the State, to defray which expenses the Constitution, Section 2, Article IX, commands the Legislature to provide for raising revenue sufficient for each fiscal year. The Constitution contemplates that State expenses shall not exceed the revenue raised for each fiscal year, and that provision for raising revenue *sufficient* to defray the expenses of the State for each fiscal year shall be made by the Legislature by means other than borrowing money by issuing State Bonds or promises for the State to pay the amount borrowed in the future, with interest, since under Section 6, Article IX of the Constitution, State bonds can now be issued *'only* for the purpose of repelling invasion or suppressing insurrection.' The spirit as well as the letter of this section should be preserved and given full force and effect. Its purpose should not be defeated or frittered away by any narrow or technical construction. The Constitution does not contemplate that State revenues may

be anticipated or supplemented by money borrowed upon promises to pay in the future, made for the State by a State agency. Where appropriations for State expenses may be made dependent upon future collections of revenue, the appropriations may be made available to pay such expenses when the collections are made."

In the case of the State v. Board of Public Instruction of Indian River County, reported in 125 Sou. R. 357, the court had under consideration Chapter 14550 Acts of 1929 which was passed under the guise of a general law which applied only to counties having an assessed valuation on real and personal property not less than $4,538,710.00 and not more than $4,538,712.00, as shown by the assessment roll of said county prepared by the county tax assessor thereof for the year 1928 and approved by the Board of County Commissioners of said county. This Act purported to authorize such county or counties to procure a loan of not exceeding $200,000.00 and to pay interest thereon at the rate of not exceeding 8% per annum for the purpose of paying salaries to teachers employed by the School Board in the Public Free Schools of such county, for the purpose of paying salaries of any other employees of said Board, for the purpose of maintaining, repairing, furnishing and/or equipping any of the public school buildings in such county, and for the purpose of paying all such legitimate expenses incurred in operating the public free schools of said such county, and it furthed purported to authorize such Board of Public Instruction, in order to procure such loan, to issue and sell not exceeding $200,-000.00 in principal amount of interest bearing time warrants to make provisions for sinking funds, etc. In the opinion prepared by Mr. Justice WHITFIELD the court say:

"If such enactment is not inoperative because it is in legal effect a local law enacted in violation of section 21, article 3, Constitution, as amended in 1928 (see Laws 1927, p. 1597) the enactment does violate section 9, article 12, Constitution, as amended in 1926, in that it purports to authorize the county board of public instruction to issue interest-bearing time warrants which would in effect be the equivalent of bonds, made payable from the county school funds of the county, on which to borrow money 'for the support and maintenance of public free schools' in the county. Section 9, article 12, Constitution as amended in 1926, specifies the sources from which the county school fund shall be derived. The Constitution contemplates an annual budget of county school expenditures and does not contemplate that interest-bearing time warrants or bonds shall be issued and sold to raise county school funds 'for the support and maintenance of public free schools.' The phrase 'with all other county school funds' contained in said section 9, as amended, does not refer to the proceeds of interest-bearing time warrants or bonds to be issued and sold by the county board of public instruction, and made payable from the county school funds that are provided for by the Constitution. The county school funds can be used 'solely for the support and maintenance of public free schools', and the Constitution does not provide for or permit the county school fund to be used for the payment of bonds issued for county school current expenses. Leonard v. Franklin, 84 Fla. 402, 93 So. R. 688; Barrow v. Moffett, 95 Fla. 111, 116 So. R. 71.''

In Leonard v. Franklin, *supra,* the court say:

"Under the provisions of section 10, 11 and 17 of Article XII of the State Constitution, Chapter 8639,

Acts of 1921, providing for the issuance by the county board of public instruction of long-term interest-bearing coupon warrants for the purpose of providing funds to acquire, build and equip modern public high school buildings in stated Special Tax School Districts in the County, the principal and interest of said warrants to be paid from the general school tax levy in the county to be made annually is invalid and inoperative.''

In Barrow v. Moffett, *supra,* the court had under consideration Chapter 12844 Acts of 1927, purporting to authorize the Board of Public Instruction for Highlands County to issue bonds to pay all outstanding indebtedness incurred in the support and maintenance of the public free schools in said county, the bonds to be paid from a part of the tax provided for (as it is said in the Act) under Sec. 12 of the Constitution, the framers of the Act probably intended to say ''Sec. 8 of Article 12 of the Constitution,'' and the Court so construed the Act,

And the Court say:

''The Constitution provides for raising of county school funds to be used 'solely for the maintenance and support of public free schools,' and contemplates the payment when due of the expenses for maintenance and support of such schools, and does not contemplate the issue of bonds to pay for past indebtedness.''

It may be that cases would arise under which the provisions of Chapter 8549, *supra,* would be effective, but the provisions of that Act would not be extended to make valid and binding such obligations as were under consideration in this suit, because those obligations were assumed

and executed in violation of the organic law herein before cited.

The framers of the Constitution protected the school fund insofar as it was reasonably possible to do so, and when contractors and vendors deal with a board of public instruction they know, or should know, that the authority of the board is limited and that it is not authorized to pledge its expected revenues for future years for the payment of current obligations. Therefore, when such contractors or vendors deliberately enter into a contract or agreement by which the future revenues of the board are attempted to be pledged for the payment of current expenses they do so at their peril, and they know or should know, that they have neither moral nor legal right to expect such obligations to be paid from funds to be raised in the future, which funds are provided for the current maintenance of the public free schools and for the benefit of and for the use of those who are entitled to receive the benefits of the school during the annual period for the maintenance of which the fund is collected.

Having determined that the obligations constituting the basis of the suit, assuming that they had been properly executed by the Board of Public Instruction, are invalid because of being repugnant to sections 8 and 9 of Article 12 of the Constitution, it is not needful to consider any other question involved or presented by the assignments of error.

The decree should be reversed and it is so ordered.

Reversed.

WHITFIELD, P. J., and STRUM, J., concur.

TERRELL, C. J., and ELLIS and BROWN, J. J., concur in the opinion and judgment.