## BELL v. GIROUARD.

### No. 1556.

Court of Appeal of Louisiana. First Circuit.

Feb. 20, 1936.

Zach Broussard, of Abbeville, for apellant.

J. E. Kibbe, Jr., of Abbeville, for appellee.

OTT, Judge.

The suit is between a son and his mother and involves the ownership of two mules, one horse, and a buggy. The suit grew out of an unfortunate family dispute which had its beginning in a personal difficulty between plaintiff and his brother, Maurice Bell, on the one side and two other brothers on the other side, the immediate cause of the difficulty arising from a misunderstanding about a farm implement.

Defendant's husband, Jules Bell, died in November, 1933. At the time of his death, and for some time prior thereto, plaintiff and his brother Maurice had been living with their father and mother on the home place, helping in a small way in the cultivation of the farm. These two brothers continued to remain on the place after the death of their father and cultivated a small part of the place, but worked out a good part of the time. Their brother John, with whom they had the first difficulty about a double plow, rented and cultivated most of the place, but did not live with his mother and these two brothers. It appears that the mother had an affidavit made against her two sons, Claude and Maurice, in August, 1934, and because of the strained relations existing these two sons moved off the place.

After moving off the place, Claude Bell, the plaintiff, claimed two mules, one horse, and a buggy on the place in possession of his mother, and secured a writ of sequestration and had this property seized. The defendant gave bond for the property, and it was restored to her possession. Defendant filed a reconventional demand for attorneys' fees in dissolving the sequestration. The trial court rendered a judgment dismissing plaintiff's demand and also rejected the reconventional demand of the defendant. The plaintiff appeals.

■ The only question to decide is the ownership of the property involved. The trial judge found that plaintiff had not proven his ownership of the two mules,

the horse, and buggy. As is usual in cases of this kind, the animus of the parties is tense, and the testimony of the witnesses very partisan and decidedly conflicting. It is in just such cases as this that we appreciate the wisdom of the rule that the finding of fact by the trial judge is entitled to great weight and is not to be disturbed unless clearly erroneous. We are not only far removed from the witnesses, but have no means of knowing their reputation, their demeanor when testifying, nor the circumstances surrounding the giving of their testimony.

The plaintiff claims that he purchased the two mules in question from Mr. Duval in March, 1934, for a cash price of $275. Mr. Duval, who is a horse and mule dealer in Crowley, testifies that Claude Bell and his brother Maurice came to his place and bought two mules from him in March, 1934, for $275 cash, and he gave them a receipt in the name of Claude Bell. A short time thereafter one of the mules was exchanged for another mule. These are the two mules involved in the suit. The defendant, mother of these two men, Claude and Maurice Bell, claims that while these sons were staying with her she gave them the money with which to buy the mules to work on the place; that Claude told her the mules would cost $275, and she counted out the money to him in her home when Maurice appeared and stated that the mules would cost $295, and that she thereupon gave Claude $20 more; that Claude gave the money to Maurice.

It is the testimony of both Claude and Maurice Bell that their mother did not give them the money with which to buy the mules, but that Claude furnished the money himself. There is no dispute as to the fact that these sons paid Mr. Duval for the mules and secured a receipt in the name of Claude Bell, and that they brought the mules to their mother's place, where they were used in the farm work until the trouble arose in August of that year. It is the contention of the defendant that she gave her two sons the money to purchase the mules for her use on the farm. It will be seen that this vital point in the case brings testimony from the sons diametrically opposite to that of their mother.

In this situation we must look for corroboration of the one side or the other. The plaintiff seeks to corroborate his position in the case by producing several witnesses, Jean Labry, Frank Guidry, Sidney Labry, and Gabriel Labry, who testify that they were asked by Maurice and Claude Bell to go with them to their mother's home to act as witnesses when Claude and Maurice went for their personal belongings. These witnesses testify that while there the defendant came to the window and stated that she knew the mules belonged to Claude, but she did not want them taken off the place. These witnesses state that John Bell and a Mr. Ophe Broussard were at defendant's home at the time, but were in the kitchen and did not hear the statement. A reading of the testimony of these witnesses does not convince us that defendant made the statement attributed to her. Their testimony impresses us as being shaped to serve the exigencies of the situation rather than to reflect the facts. Their testimony is not only too mechanical, but it is very unreasonable. The trial judge must have reached the same conclusion.

On the other hand, the testimony of the defendant on this point is corroborated in many respects. The two sons were living on her place and using her farm. Neither Claude nor Maurice did much work on the farm, and Claude plowed very little, if any. There was little reason for Claude to spend his money in buying mules for which he had little use. Besides, a neighbor, John Girouard, who seems to be an extensive property owner and well acquainted with the affairs of the Bell family, testified that these mules were generally considered as belonging to defendant, and both Claude and Maurice had told him that the mules belonged to their mother. In fact, this witness testified that plaintiff told him that the mules were bought with his mother's money. Another witness testified that Maurice Bell stated that the mules belonged to his mother.

As to the horse, the testimony is convincing that this horse was purchased by the father of plaintiff prior to his death. Mr. Remy Hargrave, the man who sold the horse to plaintiff's father, testified that the horse was sold to old man Jules Bell for $75 cash, and John Bell was present at the time of the purchase and corroborates this testimony as to the horse. The testimony of Claude Bell that he purchased this horse from Hargrave stands alone and uncorroborated.

The plaintiff claims to have purchased the buggy from Kahn's Hardware Store in Rayne in 1928. However, the decided preponderance of the evidence is to the effect

that this buggy was purchased by plaintiff's father in 1923 from the Kahn Company, and that it remained on the place after the death of plaintiff's father; that no other buggy was bought and brought on the place after Jules Bell bought this buggy in 1923.

Plaintiff has failed to prove his ownership of the property sequestered by a preponderance of the evidence. We find no error in the judgment.

For the reasons assigned, the judgment is affirmed.