THE STATE BOARD OF EDUCATION v. THE BOARD OF PUBLIC INSTRUCTION, LAKE COUNTY.

190 So. 253
Division A
Opinion Filed June 27, 1939

768

*George Couper Gibbs,* Atorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Plaintiff in Error;

*Duncan, Hamlin & Duncan,* for Defendant in Error.

TERRELL, C. J.—In January, 1928, the Board of Public Instruction of Lake County borrowed $20,000.00 from the State Board of Education for the purpose of paying its outstanding indebtedness. To evidence this indebtedness, the borrower executed twenty time warrants payable one year from date, bearing interest at 6 per cent. The interest was paid for two years and discontinued. Nothing has since been paid on principal or interest.

In February, 1938, the State Board of Education instituted this action against the Board of Public Instruction

of Lake County to recover the amount due on the said warrants. A demurrer to the declaration was sustained and this appeal was prosecuted.

It is admitted that the warrants drawn in question were regular and legal on their face, that the money was received by the Board and used for the purposes stated and that no part of it has been repaid but it is now contended that the act under which the warrants were issued was unconstitutional and void in that the warrants show on their face that they are to be paid from the future revenue of the Board of Public Instruction and for other reasons. Barrow v. Moffett, 95 Fla. 111, 116 So. 71, is relied on to support this contention.

The warrants were issued and the loan was secured pursuant to Chapter 8548, Acts of 1921, now Section 569, Compiled General Laws of 1927. The purpose of this Act was to enable boards of public instruction to liquidate any outstanding indebtedness then due by them for labor, salaries, supplies, or other public school purposes. The act is comprehensive in its terms and authorizes any indebtedness incurred under it to be paid from the County School Fund. It has been upheld by this Court and nothing said at this time convinces us of its invalidity. State Bank of Bowling Green v. Board of Public Instruction of Hardee County, 116 Fla. 184, 156 So. 319.

We do not see that Barrow v. Moffett, *supra,* is at all pertinent to this case. The philosophy back of that case was to require boards of public instruction to keep their annual operating expenses within their anticipated revenues. It, in effect, inhibited them from borrowing next year's anticipated revenues to operate the schools this year. The act under which the loan was secured enabled all boards of public instruction to husband their outstanding obligations and when done, they were to be anticipated and taken care

of in the annual budget as other obligations were taken care of.

Even if the Act was infected with the vice of invalidity, appellee is not in position to raise the question it relies on. Besides, the loan in this case was from the State School Fund which the Constitution ordains shall remain sacred and inviolate. (Section 5, Article XII.) No contract can overcome this mandate and no one has a greater responsibility than appellee in seeing that it is not done.

The judgment below is reversed.

Reversed.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.