STATE v. BOARD OF PUBLIC INSTRUCTION, MANATEE COUNTY, *et al.*

190 So. 686
En Banc
Opinion Filed July 28, 1939

*Roy D. Stubbs,* for Appellant;

*Hubert Blakey* and *Robert J. Pleus,* for Appellee.

*J. Ben Fuqua* and *Singletary & Cornwall,* for Intervenors.

TERRELL, C. J.—The Board of Public Instruction of Manatee County filed its petition in the Circuit Court to validate refunding bonds in the sum of $550,000, which it had previously authorized by resolution. The State and certain intervening taxpayers filed answers challenging the validation proceedings. On final hearing of the issues so made after evidence was taken the chancellor entered his decree validating the bonds. The intervening taxpayers did not appeal, but the State appealed and made them parties to its appeal. Both filed briefs in this Court.

The proposed refunding bonds as the resolution of the Board of Public Instruction shows were designed to replace two issues of bonds promulgated by the board of public instruction under Chapter 8759, Acts of 1921, and Chapter 11631, Acts of 1925, both Acts having authorized the said issues to pay outstanding indebtedness of the board of·public instruction incurred in operating the public schools. They were validated by decree of the Circuit Court.

The primary purpose of the appeal appears to have been to induce this Court to approve the final decree appealed from. Four questions are raised, argued,.and answered in the affirmative. Three of them pertain to the power of the board of public instruction under Chapter 15772, Acts of 1931 by authority of which the refunding bonds are proposed to be issued. The answer of the court below to each of these questions is supported and concluded by State

v. Board of Public Instruction of Dade County, 126 Fla. 142, 170 So. 602; State v. Board of Public Instruction of Sarasota County, 129 Fla. 235, 176 So. 96.

The fourth question is whether or not homesteads in the county may be required to pay taxes to service the refunding bonds. This question has been so often answered in the affirmative in cases parallel to this, that further comment on it would seem to be useless.

Counsel for intervening taxpayers admit that the court below was correct in its ruling on all the questions raised, but the second, which was in effect that the refunding bonds were invalid because they were in violation of Sections 8 and 9, Article XII of the Constitution of Florida. To support this contention, they rely on Barrow v. Moffett, 95 Fla. 111; 116 So. 71, Board of Public Instruction of Lafayette County v. Union School Furnishing Co., 100 Fla. 326 129 So. 824; Leonard v. Franklin, 84 Fla. 402; 93 So. 688; and State v. Board of Public Instruction of Indian River County, 98 Fla. 1152; 125 So. 357.

The pith of their contention on this point is that the cases just cited inhibit the issue of bonds to pay past due indebtedness of boards of public instruction incurred for operating expenses. Such expenses, they contend, must be paid as they mature from the proceeds derived under Sections 8 and 9, Article XII, Constitution of Florida.

The Acts authorizing the original bonds merely state that they were to pay outstanding indebtedness of the Board of Public Instruction. The character of the indebtedness is not revealed, but against the validating decree in the first instance and the refusal of the court below to deny validation we must refuse to decree them in violation of the Constitution. State v. Board of Public Instruction of Dade

522

County, *supra,* appears to be a complete answer to this question.

The judgment below is free from error and is affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.