48 So.2d 912 (1950)
WRIGHT
v.
BOARD OF PUBLIC INSTRUCTION OF SUMTER COUNTY.
Supreme Court of Florida, en Banc.
April 25, 1950.
Rehearing Denied December 19, 1950.
*913 Stuart B. Warren, St. Petersburg, Robert J. Pleus and Joseph P. Lea, Jr., Orlando, for appellant.
Askew & Earle, St. Petersburg, and Carroll W. Fussell, Bushnell, for appellee.
CHAPMAN, Justice.
The plaintiff-appellant filed a common law action in the Circuit Court of Sumter County, Florida, seeking a judgment against the Board of Public Instruction of Sumter County on twenty time warrants, with interest, as issued by the appellee on September 1, 1923, pursuant to the provisions of Chapter 6654, Special Acts of 1913. Each of the warrants was for $1,000.00. Five of the warrants became due ten years after date of issuance; five became due fifteen years after date of issuance; and ten became due twenty years after date of issuance. The warrants bore interest at the rate of six per cent. per annum. A copy of one of the warrants and a copy of one of the interest coupons were attached and made a part of the declaration.
The Board of Public Instruction of Sumter County filed a demurrer to the declaration reciting various grounds or reasons why the declaration and attached exhibits were bad in substance and insufficient in law. The seventh ground in effect alleged that the declaration failed to aver or show that the warrants sued upon were issued in accordance with the Constitution and laws of Florida. The trial court sustained the seventh ground of the demurrer and entered judgment thereon for the defendant below and the plaintiff appealed.
We have on numerous occasions held that the law to be applied to contractual rights is the recognized law in force and applicable thereto at the time the contract or agreement was made or entered into. Columbia County Commissioners v. King, 13 Fla. 451; Humphreys v. State ex rel. Palm Beach County, 108 Fla. 92, 145 So. 858; Lee v. Bond-Howell Lbr. Co., 123 Fla. 202, 165 So. 733; State v. City of Pensacola, Fla., 40 So.2d 569.
Chapter 6654, Special Acts of 1913, is viz: "An Act to Authorize and Empower the Board of Public Instruction of Sumter County, Florida, to Issue Interest-Bearing Coupon Warrants for the Purpose of Borrowing Money to Liquidate Outstanding Indebtedness, and for the Purpose of Cancelling Any Other Indebtedness Made by or Through the Said Board of Public Instruction, and for the Purpose of Paying the Interest and Principal of the Said Interest-Bearing Coupon Warrants.
"Be It Enacted by the Legislature of the
 State of Florida:
"Section 1. That the Board of Public Instruction of Sumter County, Florida, is hereby authorized and empowered to issue interest-bearing coupon warrants, in a sum not to exceed twenty-five thousand dollars, bearing interest at a rate not to exceed six per cent per annum payable semi-annually; said warrants shall be issued in denominations of one hundred ($100.00) dollars, five hundred ($500.00) dollars and one thousand ($1,000.00) dollars. None of said warrants shall be issued to run for a longer period of time than twenty years. The said warrants shall be numbered consecutively, beginning with one, and each interest coupon shall bear the number of its warrant. Each of said warrants shall have attached thereto interest coupons, each coupon representing and calling for a semi-annual payment of interest on its warrants. Each warrant and interest coupon shall be signed by the Chairman and Secretary of the Board of Public Instruction of Sumter County and each warrant and interest coupon shall also bear their due date. Said warrants shall be issued upon the common school fund of Sumter County, Florida.
"Sec. 2. Under the provisions of this Act the Board of Public Instruction of Sumter County, Florida, shall be empowered to borrow money for the purpose of constructing, repairing or furnishing suitable public school buildings in the said County, and for the purpose of paying any existing outstanding indebtedness.
"Sec. 3. Under this Act it shall be the duty of the said Board of Public Instruction and its successors, each year during the time said warrants shall run, to set apart out of the County School funds of Sumter County, Florida, sufficient moneys *914 to meet and pay said coupon warrants and interest thereon as the same shall become due.
"Sec. 4. Under the provisions of this Act the Board of Public Instruction of Sumter County, Florida, is authorized and empowered to borrow money for the relief of any special tax school district therein; all such amounts with the interest thereon and other expenses attached thereto shall be charged to the said special tax school district.
"Sec. 5. The coupon warrants herein provided for may be issued payable to the order of bearer. The interest coupons may be made payable to bearer.
"Sec. 6. All laws and parts of laws in conflict herewith are hereby repealed.
"Sec. 7. This Act shall take effect on its passage and becoming a law.
"Approved May 30, 1913."
Acts of the Legislature under attack come to this Court with a presumption in favor of their constitutionality, upon the theory that the Legislature would not knowingly enact an unconstitutional measure. We have frequently held that a wide latitude must necessarily be accorded the Legislature in its enactment of laws, and it must be a plain case of violating the requirements of the organic law as to the title of an Act before the Courts will nullify statutes or portions thereof, as not being within the purpose and scope of the subject as expressed in the title. Rushton v. State, 75 Fla. 422, 78 So. 345, and similar cases.
If a doubt exists as to whether matters found in a statute are included in the title thereof the same are by this Court resolved in favor of the legislative determination. State ex rel. Crump v. Sullivan, 99 Fla. 1070, 128 So. 478. Courts disregard verbal inaccuracies and resolve reasonable doubts in favor of its constitutionality. In order for this Court to condemn an Act for failure to comply with constitutional requirements, the violation must be substantial and plain. Sheip & Co. v. Amos, 100 Fla. 863, 130 So. 699.
It is contended that the following language of Section 1 of the Act viz: "Said warrants shall be issued upon the common school fund of Sumter County, Florida," and the following language of Section 2 viz: "the Board of Public Instruction of Sumter County, Florida, shall be empowered to borrow money for the purpose of constructing, repairing or furnishing suitable public school buildings in said County, and for the purpose of paying any existing outstanding indebtedness," render the entire Act void as not being expressed in the title of the Act or germane to the subject expressed in the title as required by Section 16 of Article 3 of the Constitution of Florida, F.S.A.
Section 16 of Article 3 of the Constitution of Florida provides that each law enacted in the Legislature shall embrace but one subject and matters properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be amended or revised with reference to its title only; but in such case the Act, as revised or amended, shall be re-enacted and published at length.
An examination of the title suggests the conclusion that the Legislature at the time of the enactment of Chapter 6654 was considering the then existing and outstanding indebtedness of the Board of Public Instruction of Sumter County and "any other indebtedness" made or created by said Board subsequent to the effective date of the Act. This indebtedness and any other indebtedness was to be liquidated by the issuance of interest bearing time warrants in a sum not to exceed $25,000.00. The Legislature, apparently, was not interested in the items which created the "outstanding indebtedness"  whether for salaries of teachers or school officials, sites for school buildings, school buildings or the usual operating expenses of the public schools of Sumter County. It was the intention to liquidate this indebtedness and any other indebtedness by the issuance of the time, interest bearing warrants. These time warrants issued by the Board in support of the pubic school system of the county were to *915 be paid out of the "common school funds" of Sumter County.
Appellee's questions one and two are fully answered by this Court in Nichols v. Yandre, 151 Fla. 87, 9 So.2d 157, 158, 144 A.L.R. 1351, speaking through Mr. Justice Thomas when we in part, said:
"The contention of the appellee is that the title which we have quoted in full was insufficient to serve notice of the section, excerpts of which we have given, and that the law violates Section 16 of Article III of the Constitution providing that an act `shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title * * *.' The subject is the matter to which an act relates; the object, the purpose to be accomplished.
"The court has ofttimes passed upon the constitutionality of acts of the legislature challenged because the titles were too narrow and there is little use to attempt a review in any detail of these decisions because it is largely true that each of them has been based upon the particular phraseology of the law under consideration. The general purpose of the organic restriction to prevent deceit has, however, always predominated. Thus it has been said that the title need not be an index, Smith v. Chase, 91 Fla. 1044, 109 So. 94; nor refer to matter in the body germane to the expressed subject, In re DeWoody, 94 Fla. 96, 113 So. 677; but that it must not be misleading, Hiers v. Mitchell, 95 Fla. 345, 116 So. 81; or deceptive, Whitney v. Hillsborough County, 99 Fla. 628, 127 So. 486; but should disclose the subject, State v. Bethea, 61 Fla. 60, 55 So. 550; and be `sufficient to put all interested persons on notice that would reasonably lead to inquiry as to the contents,' Smith v. Chase, supra."
It is next contended that the Legislature was without power to authorize the Board of Public Instruction of Sumter County, as attempted by the provisions of Chapter 6654, to issue time warrants for the purpose of borrowing money to liquidate (a) outstanding indebtedness; (b) any other indebtedness, and to pay the time warrants upon maturity from the Common School Fund. The provisions of Section 8 and 9 of Article 12 of the Constitution of Florida and our adjudications thereof are cited to sustain the contention.
Sections 8 and 9 of Article 12 of the Constitution of Florida are viz:
"Section 8. Each County shall be required to assess and collect annually for the support of the public free schools therein, a tax of not less than three (3) mills, not more than ten (10) mills on the dollar on all taxable property in the same.
"Section 9. In addition to the tax provided for in Section 8 of this Article the County School Fund shall consist of the proportion of the interest of the State School Fund and of the one mill State tax apportioned to the county all capitation taxes collected within the county and all appropriations by the Legislature which shall with all other County School Funds be apportioned and distributed as may be provided by law and shall be disbursed by the County Board of Public Instruction solely for the support and maintenance of public free schools. Provided, that such apportionment and distribution shall be made by general law based upon some declared principle of classification to be determined by the Legislature."
Pertinent to the contentions of counsel see Logan v. Board of Public Instruction, 118 Fla. 184, text page 197, 158 So. 720, 725, when we in part said: "In view of the statutory authority and duty of the board to maintain appropriate schools and facilities in every locality in the county, including the `special Tax Schools' in `special tax school districts,' and as to the direction and control of the board over special tax schools, it seems clear that the board had authority to borrow money for the authorized school purposes; and, if the board in good faith received money and used it for the authorized purposes of `special Tax Schools' in `special tax school districts' in the county, an action duly brought may be maintained against the board for money had and received to recover judgment for the amounts so used with appropriate interest. The law contemplates that money lawfully and in good faith borrowed and *916 used by proper officers for authorized school district purposes shall be paid from funds accruing to such districts, such payment to be made in authorized ways that are least detrimental to current school operations, though current expenditures be in a measure curtailed in order to make reasonable payments for money borrowed and used in previous years to enable the schools to continue operation."
Special Acts of the Legislature authorizing the issuance of interest bearing time warrants by the Board of Public Instruction of some of the Counties of Florida have been here upheld from time to time when the warrants were paid out of the Common School Fund of said Counties. In Warren v. Board of Public Instruction of Hillsborough County, 86 Fla. 254, 97 So. 384, money was raised by time warrants for the purpose of enlarging and furnishing a high school building in Tampa. In Board of Public Instruction of Okaloosa County v. Kennedy, 109 Fla. 153, 147 So. 250, the costs of transportation of school children were ordered paid from the County School Fund.
The case of State v. Board of Public Instruction of Dade County, 126 Fla. 142, 170 So. 602, involved the validation of four issues of outstanding bonds of the county: (1) issue of $100,000 issued under Chapter 8014, Special Acts of 1919; (2) the issue of $175,000; (3) the issue of $125,000 issued under the authority of Chapter 9414, Special Acts of 1923; and (4) the issue of $175,000 issued under Chapter 12646, Special Acts of 1927. Issues one, two and three, supra, were for the purpose of paying the outstanding indebtedness incurred in operating the public schools of Dade County and were evidenced by time warrants. The fourth issue was for paying an indebtedness incurred to repair damages to the public school buildings of Dade County caused by the 1926 hurricane.
The lower court by an appropriate decree validated the refunding school bonds and made them obligations of the Board of Public Instruction of Dade County. On appeal here it was contended that the validation was erroneous as being in conflict with our holdings in Barrow v. Moffett, 95 Fla. 111, 116 So. 71; Board of Public Instruction of LaFayette County v. Union School Furnishing Co., 100 Fla. 326, 129 So. 824; Leonard v. Franklin, 84 Fla. 402, 93 So. 688; State v. Board of Public Instruction of Indian River County, 98 Fla. 1152, 125 So. 357. The line of decisions supra as relied upon for a reversal was carefully considered and a distinction clearly pointed out why each of them was not applicable to the Dade County validation case.
The case of State v. Board of Public Instruction of Manatee County, 139 Fla. 519, 190 So. 686, involved a validation of refunding school bonds of Manatee County. Pursuant to Chapter 8759, Special Acts of 1921, and Chapter 11631, Acts of 1925, Ex. Sess., payment of indebtedness as incurred in the operation of the public schools in Manatee County was authorized. It was necessary to refund this indebtedness by issuing refunding bonds in the sum of $550,000. Objections to the validation decree were made on the theory that the refunding bonds violated Sections 8 and 9, Article 12 of the Constitution of Florida. The same authorities to sustain the view were cited and relied upon as were cited in the Dade County validation suit.
The case of State Board of Education v. Board of Public Instruction of Lake County, 138 Fla. 767, 190 So. 253, involved twenty interest bearing time warrants issued by the Board of Public Instruction of Lake County under Chapter 8548, Acts of 1921. The money was borrowed and used for the purpose of paying the outstanding indebtedness of the Board of Public Instruction of Lake County. In a suit to recover on the warrants the defense was made that the Act under which the warrants were issued was unconstitutional and void and a recovery could not be had under the rule enunciated by this Court in Barrow v. Moffett, 95 Fla. 111, 116 So. 71. We held that the rule in Barrow v. Moffett was inapplicable to the controversy.
Our answer to the contention of counsel for the appellee to the effect that Chapter 6654, Special Acts of 1913, is in conflict with and in violation of Sections 8 and 9 of Article 12 of the Constitution of Florida is *917 that the question has been settled adversely to the holding of the court below in State v. Board of Public Instruction of Dade County, supra, and State v. Board of Public Instruction of Manatee County, and State Board of Education v. Board of Public Instruction of Lake County, supra. The judgment appealed from is reversed with directions to enter an order overruling the demurrer and fixing a date for filing answer to the declaration by the appellee-defendant.
Reversed.
ADAMS, C.J., and TERRELL and ROBERTS, JJ., concur.
THOMAS and HOBSON, JJ., dissent.
SEBRING, J., not participating.